UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KENNEDY WRIGHT, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br>v<br><br>LINAMAR STRUCTURES USA (MICHIGAN), INC., a Delaware corporation,<br><br>    Defendant. | Case No.  4-24-cv-12721<br><br>HON.  SHALINA D. KUMAR |

Jesse L. Young
Sommer Schwartz, P.C.
141 East Michigan Ave., Ste. 600
Kalamazoo, Michigan 49007
616-250-7500
jyoung@sommerspc.com

Kevin Stoops
Sommer Schwartz, P.C.
One Towne Square, Ste. 900
Southfield, MI 48076
248-355-0300
kstopps@soccerspc.com

Jonathan Melmed
Laura Supanich
Melmed Law Group P.C.
1801 Century Park East, Ste. 850
Los Angeles, CA 90067
310-824-3828
jm@melmedlaw.com
lms@melmedlaw.com
*Attorneys for Plaintiff*

Michael G. Brady (P57331)
WARNER NORCROSS + JUDD LLP
Suite 300
2715 Woodward Avenue
Detroit, Michigan 48201-3030
313-546-6032
mbrady@wnj.com

Amanda M. Fielder (P70180)
WARNER NORCROSS + JUDD LLP
1500 Warner Building
150 Ottawa Ave., NW
Grand Rapids, Michigan 49503
616.752.2404
afielder@wnj.com

*Attorneys for Defendant*

# DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND

Linamar Structures USA (Michigan), Inc., ("Linamar"), hereby Answers Plaintiff's Collection Action Complaint as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

**ANSWER: Linamar does not contest the subject-matter jurisdiction of this Court.**

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**ANSWER: Linamar does not contest the subject-matter jurisdiction of this Court.**

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

**ANSWER: This paragraph calls for a legal conclusion to which no response is required. Answering further, Linamar admits that its annual sales exceed $500,000 and that Linamar has more than 2 employees.**

4. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

**ANSWER: Linamar does not contest that venue is proper in this Court.**

2

## PARTIES

5. Plaintiff is an adult resident of Detroit, Michigan and was employed by Defendant from approximately August 5, 2021 through August 19, 2024. Plaintiff's consent to joint form is attached as *Exhibit A*.

**ANSWER: Linamar admits that a consent to join form is attached as Exhibit A. Linamar lacks information and knowledge regarding Plaintiff's residence. Linamar denies the remaining allegations in this paragraph because they are untrue. Answering further. Plaintiff was an employee of Mobex Global from July 15, 2021, until the date it was acquired by Linamar, effective November 1, 2023. Plaintiff's employment with Linamar continued until August 20, 2024.**

6. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

**ANSWER: Linamar denies that there are other collective members and notes that, other than Plaintiff, no other consent forms have been filed.**

7. Defendant is a Delaware corporation.

**ANSWER: Admitted.**

8. Defendant's headquarters is located at 26290 W 8 Mile Rd, Southfield, Michigan, 48033.

**ANSWER: Admitted.**

9. Defendant's registered agent for purposes of service is CSC-Lawyers Incorporating Service, 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911.

**ANSWER: Admitted.**

## GENERAL ALLEGATIONS

10. Plaintiff was employed with Defendant from approximately August 5, 2021 through August 19, 2024 as a non-exempt employee. Plaintiff works at Defendant's location at 26290 W 8 Mile Rd, Southfield, Michigan, 48033.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue. Answering further, Linamar admits that Plaintiff was employed by Mobex Global from July 15, 2021 until the date it was acquired by Linamar, effective November 1, 2023. Plaintiff's employment with Linamar continued**

3

**until August 20, 2024.  Plaintiff was an hourly employee.  Linamar further admits that Plaintiff worked at its facility in Southfield, Michigan.**

11. Plaintiff's most recent base hourly rate of pay was $27.80.

**ANSWER:  Linamar denies the allegations in this paragraph because they are untrue.**

12. In addition to the base rate of pay, Defendant incorporated various routine and non-discretionary bonuses into its payment structure. For example, Defendant promised its hourly employees non-discretionary attendance bonuses, and other forms of remuneration.

**ANSWER:  Linamar denies the allegations in this paragraph because they are untrue.**

13. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**ANSWER:  This paragraph states a legal conclusion to which no response is required.**

### The Regular Rate of Pay

14. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

15. No matter how an employee is paid - whether by the hour, by the piece, on a commission, or on a salary - the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

4

16. Defendant's bonuses and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

17. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendant carries the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the calculation unless specifically excluded by statute.

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

18. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

19. Plaintiff's "total remuneration" included not only his base hourly pay, but also any non-discretionary bonuses and shift differentials. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate...."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials... and premiums paid for hazardous, arduous, or dirty work.").

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

20. However, Defendant failed to incorporate any non-discretionary bonus into its hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

21. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

22. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Defendant's non-discretionary bonuses or other remuneration as required by the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

23. For example, Plaintiff's pay stub for the pay period 8/12/2024 through 8/18/2024 shows 52.26 hours of work, a base hourly rate of $29.2005, and gross earnings of $1,820.02, inclusive of $115.00 in non-discretionary bonus pay. However, his overtime rate does not account for the non-discretionary bonus pay and, therefore, Defendant violated the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

24. Moreover, to the extent Defendant's non-discretionary bonuses were required to be allocated among multiple workweeks for purposes of calculating the FLSA regular rate (see e.g., 29 C.F.R. § 778.209), Defendant also failed to incorporate those bonuses into its calculations.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

25. Defendant paid Plaintiff, and its other hourly employees, additional non-discretionary remuneration that Defendant failed to include in the regular rate calculation.

6

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

26. To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

27. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (flsa), 1985 WL 304329 at 3 (1985).

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

28. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked for Defendant in the United States at any time in the past three years.

**ANSWER: Linamar denies that Plaintiff can bring such claim on behalf of all current and former employees who worked for Linamar in the United States at any time in the past three years.**

30. Plaintiff and putative collective members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the non-discretionary bonuses and other

remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

31. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

32. Resolution of this action requires inquiry into common facts.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

33. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

34. Court-authorized notice of this case is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

35. Upon information and belief, there are thousands of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. -- FAILURE TO PAY OVERTIME

36. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

**ANSWER: Linamar incorporates its answers to all preceding paragraphs.**

37. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

38. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

39. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's non-discretionary bonuses and other remuneration do not fall into any of those exceptions.

**ANSWER: This paragraph states a legal conclusion to which no response is required.**

40. Defendant failed to include non-discretionary bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

41. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

42. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

43. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

44. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**ANSWER: Linamar denies the allegations in this paragraph because they are untrue.**

## AFFIRMATIVE DEFENSES

Linamar states the following for its Affirmative Defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff may have failed to mitigate his damages.

3. Plaintiff's claim may be barred, in whole or in part, by applicable statutes of limitations.

4. Plaintiff may have released his claims.

5. Plaintiff is not a proper representative for the alleged collective action.

6. Defendant was not Plaintiff's employer during some of the applicable time period clamed in his Complaint.

7. Defendant acted reasonably to determine and comply with its legal obligations under the FLSA and, thus, its actions cannot be deemed "willful."

Linamar reserves the right to add additional defenses that become known through the course of further investigation as appropriate.

## RELIANCE UPON JURY DEMAND

Linamar relies on Plaintiff's jury demand.

Dated: November 15, 2024

*/s/Amanda M. Fielder*
Amanda M. Fielder (P70180)
WARNER NORCROSS + JUDD LLP
afielder@wnj.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby state that on November 15, 2024, the foregoing document was electronically with the Clerk of the Court using the ECF system. All parties and counsel of record will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.

*/s/Amanda M. Fielder*
Amanda M. Fielder

11